People v Hewitt
2026 NY Slip Op 03184
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Jaleel Hewitt, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2020-03420, (Ind. No. 3/19)
Lara J. Genovesi, J.P.
William G. Ford
Helen Voutsinas
Donna-Marie E. Golia, JJ.

Randall D. Unger, Kew Gardens, NY, for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Rhys Johnson of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered March 18, 2020, convicting him of conspiracy in the second degree and criminal facilitation in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the indictment is dismissed insofar as asserted against the defendant, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent with CPL 160.50.
The defendant and others were tried together in connection with an incident where a bystander was killed during an alleged retaliatory gang shooting. After trial, the jury found the defendant guilty of conspiracy in the second degree and criminal facilitation in the second degree.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally insufficient to establish beyond a reasonable doubt the defendant's guilt of conspiracy in the second degree and criminal facilitation in the second degree.
With respect to the conspiracy in the second degree count, the People were required to prove that "with intent that conduct constituting a class A felony be performed, [the defendant] agree[d] with one or more persons to engage in or cause the performance of such conduct" (Penal Law § 105.15). With respect to the criminal facilitation in the second degree count, the People were required to prove, among other things, that the defendant believed that he was rendering aid to a person who intended to commit a class A felony (see Penal Law § 115.05). As to the class A felony, the People proceeded on a theory that the defendant conspired to commit, and facilitated the commission of, murder in the second degree.
To support a conviction of conspiracy in the second degree, the People were required to prove that the defendant had the specific intent to commit murder in the second degree (see People v Ozarowski, 38 NY2d 481, 491; People v Hernandez, 10 NY2d 130, 140). "[W]hile the ultimate act of violence may be used by the trier of facts in making the inference of intent as to the defendant who actually struck the blow, that act is not determinative of the intent of the other conspirators" [*2](People v Ozarowski, 38 NY2d at 490).
The evidence at trial established that the defendant arrived at the scene of an alleged fellow gang member's death after he had been killed by a rival gang member. Within minutes, the defendant called one of his codefendants, Isaiah Kelson, and they had a 16-second call. Later, as the defendant left the scene in his vehicle, he passed a vehicle driven by another codefendant, Isaiah Richardson, in which Kelson and a third codefendant, Sean Oliveras, were passengers, going in the opposite direction. According to Richardson, the fact that the two cars came upon each other was a coincidence. After the two cars passed each other, the defendant turned around and followed the car that Richardson was driving.
According to Oliveras, there were two communications on Facetime between Kelson and the defendant while Oliveras was in the car that Richardson was driving. In one communication, the defendant informed Kelson, in sum and substance, that he was looking for members of the rival gang. In the other communication, after the cars passed each other, Kelson told the defendant to follow the car that Kelson was in.
Before the shooting, the two cars also pulled side-by-side twice, and Oliveras testified that Kelson stated to "stay behind" the car that he was in both times. The defendant followed the car that Richardson was driving to the location where Oliveras and Kelson spotted and then shot at a rival gang member, fatally injuring a bystander. After the shooting, the defendant followed the car that Richardson was driving to West Brighton.
While the evidence, viewed in the light most favorable to the People, showed that the defendant conspired with others to retaliate against rival gang members, it failed to establish that the defendant entered into a conspiracy with the goal of committing murder in the second degree (see People v Lucas, 166 AD3d 810, 811). The People failed to present direct or circumstantial evidence establishing that the defendant was aware that Kelson or Oliveras were armed or had the intent to commit murder or that the defendant, in fact, joined a conspiracy with the goal of committing murder (see id.; cf. People v Ozarowski, 38 NY2d at 491). For the same reasons, the evidence was insufficient to establish that the defendant believed that he was rendering aid to a person who intended to commit murder.
Accordingly, the Supreme Court should have granted the defendant's timely motion for a trial order of dismissal and the indictment should have been dismissed insofar as asserted against him (see People v Reyes, 31 NY3d 930; People v Lucas, 166 AD3d at 811).
In light of the foregoing, we do not reach the defendant's remaining contentions.
GENOVESI, J.P., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court